## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In re the Detention of:<br><br>A.S.,<br><br>               Appellant. | No. 87300-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — A.S. appeals the entry of an order of commitment for 14 days of involuntary treatment. He contends that the order must be reversed because he was not properly informed that he could avoid the loss of his firearm rights if he submitted to voluntary treatment.

At the time of a probable cause hearing for involuntary commitment and before entry of an order of commitment, either the court or the prosecutor "shall inform the person both orally and in writing that the failure to make a good faith effort to seek voluntary treatment. . . will result in the loss of his or her firearm rights if the person is subsequently detained for involuntary treatment." RCW 71.05.240(2). To satisfy this requirement, the subject of the petition must be explicitly advised that the loss of firearm rights can be avoided by voluntary participation in treatment. *In re Detention of T.C.*, 11 Wn. App. 2d 51, 62, 450 P.3d 1230 (2019).

Here, the court informed A.S., "if I make a decision to grant the petition, you would lose your right to possess firearms until restored by the court," but did not explain

that A.S. could prevent the deprivation of this right by agreeing to treatment.[1] The State concedes that the advisement was insufficient. We accept the State's concession of error and reverse and remand for an order vacating the 14-day commitment finding.[2]

Reversed and remanded.

FOR THE COURT:

_____, ACJ

Birk, J.
_____

_____

----

[1] RP 5.

[2] Given this decision, we do not reach the other issue raised on appeal.